UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
AGUSTIN JUNIOR QUILES,           :
    Plaintiff,                    :
                                  :
v.                                : Civil No. 3:17CV825 (AWT)
                                  :
NANCY A. BERRYHILL,              :
ACTING COMMISSIONER OF SOCIAL    :
SECURITY,                        :
    Defendant.                    :
```

## ORDER REMANDING CASE

For the reasons set forth below, the decision of the Commissioner is reversed and this case is remanded for additional proceedings consistent with this order.

"A district court reviewing a final [] decision . . . [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C § 405(g), is performing an appellate function." Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981).  The court may not make a de novo determination of whether a plaintiff is disabled in reviewing a denial of disability benefits.  See Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles in reaching a conclusion and whether the decision is supported by substantial evidence.  See Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987).

The plaintiff argues, inter alia, that the Administrative Law Judge ("ALJ") failed to properly weigh the medical source statement of treating podiatrist Dr. Steven Vyce. See Pl.'s Mem. to Reverse ("Doc. No. 21-2") at 8-10.

The defendant argues, inter alia, that the ALJ properly evaluated and weighed the medical evidence and opinions. See Def.'s Mem. to Affirm ("Doc. No. 23-1") at 14.

The court concludes that, at minimum, the ALJ failed to follow the treating physician rule when weighing the opinion of the plaintiff's treating physician, Dr. Steven Vyce and that this, standing alone, warrants remand.

"[T]he opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' if it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(2)).

"[I]f controlling weight is not given to the opinions of the treating physician, the ALJ . . . must specifically explain the weight that is actually given . . . ." Schrack v. Astrue, 608 F. Supp. 2d 297, 301 (D. Conn. 2009) (citing Schupp v. Barnhart, No. Civ. 3:02CV103 (WWE), 2004 WL 1660579, at *9 (D. Conn. Mar. 12, 2004)). "Failure to provide 'good reasons' for

2

not crediting the opinion of a claimant's treating physician is a ground for remand." Snell v. Apfel, 177 F.3d 128, 133-34 (2d Cir. 1999) (citing Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998)). These reasons must be stated explicitly and set forth comprehensively. See Burgin v. Asture, 348 F. App'x 646, 649 (2d Cir 2009) ("The ALJ's consideration must be explicit in the record."); Tavarez v. Barnhart, 124 F. App'x 48, 49 (2d Cir. 2005) ("We do not hesitate to remand when the Commissioner . . . do[es] not comprehensively set forth reasons for the weight assigned . . . .") (internal quotation marks and citation omitted); Reyes v. Barnhart, 226 F. Supp. 2d 523, 529 (E.D.N.Y. 2002)("rigorous and detailed" analysis required).

The ALJ's explanation should be supported by the evidence and be specific enough to make clear to the claimant and any subsequent reviewers the reasons and the weight given. See 20 C.F.R. § 416.927(f)(2); SSR 96-2p (applicable but rescinded March 27, 2017, after the date of the ALJ's decision).

In determining the amount of weight to give to a medical opinion, the ALJ must consider all of the factors set forth in § 416.927(c): the examining relationship, the treatment relationship (the length, the frequency of examination, the nature and extent), evidence in support of the medical opinion, consistency with the record, specialty in the medical field, and any other relevant factors. See Schaal, 134 F.3d at 504 ("all

3

of the factors cited in the regulations" must be considered to avoid legal error).

> [W]here there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history "even when the claimant is represented by counsel or . . . by a paralegal." Perez, 77 F.3d at 47; see also Pratts, 94 F.3d at 37 ("It is the rule in our circuit that 'the ALJ, unlike a judge in a trial, must [] affirmatively develop the record' in light of 'the essentially non-adversarial nature of a benefits proceeding.'[. . . ].") (citations omitted).

Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999). See also Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118-19 (2d Cir. 1998) (holding that ALJ should have sought clarifying information sua sponte because the doctor might have been able to provide a supporting medical explanation and clinical findings, that failure to include support did not mean that support did not exist, and that the doctor might have included it had he known that the ALJ would consider it dispositive).

> **Gaps in the administrative record warrant remand** . . . . Sobolewski v. Apfel, 985 F. Supp. 300, 314 (E.D.N.Y.1997); see Echevarria v. Secretary of Health & Hum. Servs., 685 F.2d 751, 755-56 (2d Cir. 1982). . . .
>
> The ALJ must request additional information from a treating physician . . . **when a medical report contains a conflict or ambiguity that must be resolved**, the report is missing necessary information, or the report does not seem to be based on medically acceptable clinical and diagnostic techniques. Id. § 404.1512(e)(1). When "an ALJ perceives **inconsistencies in a treating physician's report, the ALJ bears an affirmative duty to seek out more information from the treating physician and to develop the administrative record accordingly**," Hartnett, 21 F. Supp. 2d at 221, **by making every reasonable effort to re-contact the treating source for clarification** of the reasoning of the opinion.

4

  Taylor v. Astrue*,* No. 07-CV-3469, 2008 WL 2437770, at *3 (E.D.N.Y. June 17, 2008).

Toribio v. Astrue, No. 06CV6532(NGG), 2009 WL 2366766, at *8-*10 (E.D.N.Y. July 31, 2009)(emphasis added)(holding that ALJ who rejected the treating physician's opinion because it was broad, "contrary to objective medical evidence and treatment notes as a whole", and inconsistent with the state agency examiner's findings had an affirmative duty to re-contact the treating physician to obtain clarification of his opinion that plaintiff was "totally incapacitated").

 In determining whether there has been "inadequate development of the record, the issue is whether the missing evidence is significant." Santiago v. Astrue, 2011 WL 4460206, at *2 (D. Conn. Sept. 27, 2011) (citing Pratts v. Chater*,* 94 F.3d 34, 37-38 (2d Cir. 1996)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders*,* 556 U.S. 396, 409 (2009).

 The ALJ's Decision states:

> The claimant's podiatrist, Steven Vyce, D.P.M. provided a residual functional capacity, dated September 19, 2016 (Exhibit 29F). The undersigned gives his opinion little weight, as it is not "not inconsistent" with the medical evidence of record. The treatment notes do not reflect the extent of limitation described, the claimant having a need for two days of absenteeism per month or even why, in February 2016, he reported that the claimant should "not work." (Exhibit 29F). Whether an individual is

5

> disabled or unable to work is not a medical issue, but is instead an administrative findings that would direct the determination of disability; consequently, the responsibility for deciding that issue is reserved to the Commissioner. 20 C.F.R. § 416.927(d); SSR 96-5p.

R. at 28-29.

Here, the ALJ fails to explicitly and comprehensively explain the rationale for giving "little weight" to Dr. Vyce's opinion with sufficient specificity to allow for meaningful review. The ALJ appears to give Dr. Vyce's opinion little weight because it is not consistent with the medical evidence. Yet, there is no comparison of the doctor's opinion and the evidence related to it (R. at 363/1183 (2/4/16 letter from Dr. Vyce summarizing the nature, severity, limitations, and prognosis of the plaintiff's conditions), R. at 1177-81 (9/19/16 Physical Capacity Statement prepared by Dr. Vyce), and R. at 372-404 (Charcot Foot information)), with the other medical evidence of record.

Also, to avoid remand, the ALJ was required to consider all of the factors set forth in § 404.1527(c) when weighing Dr. Vyce's opinion. The ALJ failed to do so.

In addition, the ALJ, in substance, highlighted evidentiary gaps (treatment notes do not reflect the extent of the limitations described, the need to be absent two days month, or the reason the doctor reported that the claimant should not

6

work) to support his conclusion that there was no basis to find that Dr. Vyce's opinion was "not inconsistent" with the other medical evidence of record. Yet he made no effort to recontact the doctor to develop the record. He had an affirmative duty to reasonably attempt to fill in those gaps. If asked, Dr. Vyce may have been able to provide persuasive medical explanations supported by clinical findings for the limitations at issue, which may have led to a different residual functional capacity ("RFC").

Finally, as part of the rationale for giving Dr. Vyce's opinion little weight the ALJ focuses on the part of Dr. Vyce's opinion that relates to inability to work and disability. To support his conclusion, the ALJ cites to 20 C.F.R. § 416.927 (d) and SSR 96-5p (applicable but rescinded March 27, 2017, after the date of the ALJ's decision). However, SSR 96-5p also states:

> Nevertheless, our rules provide that adjudicators must always carefully consider medical source opinions about any issue, **including opinions about issues that are reserved to the Commissioner.** For treating sources, the rules **also require that we make every reasonable effort to recontact such sources for clarification when they provide opinions on issues reserved to the Commissioner and the bases for such opinions are not clear** to us. . . .

SSR 96-5p (emphasis added). While it may be true that the parts of Dr. Vyce's opinion that related to a finding that the claimant is unable to work or disabled are not entitled to

7

controlling weight, the parts of the opinion that related to the nature and severity of the plaintiff's impairments must be evaluated to determine whether giving them controlling weight is appropriate:

> The regulations recognize that treating sources are important sources of medical evidence and expert testimony, and that **their opinions about the nature and severity of an individual's impairment(s) are entitled to special significance; sometimes the medical opinions of treating sources are entitled to controlling weight.**

SSR 96-5p (emphasis added). As noted above, the ALJ failed to recontact Dr. Vyce for clarification.

For the reasons set forth above, the Decision fails to apply the correct legal standard and must therefore be remanded. On remand the ALJ should apply the correct legal standard in evaluating Dr. Vyce's opinion (analyze all factors; develop the record; inquire about evidentiary ambiguities, inconsistencies and conflicts; if less than controlling weight, set forth rationale sufficiently explicitly and comprehensively to allow for meaningful review); reformulate the RFC; and address the parties' arguments with respect to the remaining medical source statements, the assessment of the plaintiff's credibility, and the Step 5 determinations, as appropriate.

For the reasons set forth above, the plaintiff's Motion to Reverse the Decision of the Commissioner (Doc. No. 21) is hereby GRANTED, and Defendant's Motion for an Order Affirming the

Decision of the Commissioner (Doc. No. 23) is hereby DENIED. This case is hereby REMANDED to the Commissioner for proceedings consistent with this order.

The Clerk's Office is instructed that, if any party appeals to this court the decision made after this remand, any subsequent social security appeal is to be assigned to the undersigned.

The Clerk shall close this case.

It is so ordered.

Dated this 27th day of September 2018, at Hartford, Connecticut.

                                              /s/AWT
                                        Alvin W. Thompson
                            United States District Judge